UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**THOMAS DALTON BARNETT,**

    **Plaintiff,**

v.                                                    CAUSE NO. 3:24-cv-4-CWR-LGI

**FORD MOTOR COMPANY,**
**LEWIS FORD SALES, INC.**
**d/b/a "HAWG COUNTRY AUTO," and**
**CAVENAUGH FORD LINCOLN LLC**
**d/b/a "CAVENAUGH LINCOLN"**

    **Defendants.**

_____/

## NOTICE OF REMOVAL

Defendant, Ford Motor Company ("Ford"), by and through its undersigned counsel, notifies the Court and all interested parties that, on this date, it is removing the above-styled case to the United States District Court, Southern District of Mississippi, on the following grounds:

**I.    BACKGROUND**

Plaintiff, Thomas Dalton Barnett ("Plaintiff"), filed a product liability action against Ford in the Circuit Court of the First Judicial District of Hinds County, Mississippi on December 1, 2023, in relation to a motor vehicle collision that occurred on September 1, 2022. Compl. ¶¶ 1-2. Plaintiff alleges that a defective passenger airbag inflator manufactured by Takata Corporation was installed in his 2006 Ford Mustang (VIN: 1ZVFT82H165153403) and ruptured during the collision, causing him "severe, permanent, and life-altering injuries" to his hands, arms, and legs. *Id.* at ¶¶ 1-2.

Plaintiff served Ford with the Summons and Complaint on December 4, 2023. The Complaint asserts a cause of action against Ford for Strict Liability – Product Defect (Count I),

Negligence (Count II), and Breach of Implied Warranty of Merchantability (Count III). The Complaint also asserts two claims for Negligence (Count IV and Count V) against Lewis Ford Sales, Inc. ("Lewis Ford") and Cavenaugh Ford Lincoln LLC ("Cavenaugh Ford"), respectively.

Plaintiff is a Mississippi citizen and resident. *Id.* at ¶ 5. Ford is incorporated in Delaware and has a principal place of business in Dearborn, Michigan. *See* Exhibit A, Excerpt from FY 2022 Ford Motor Company Form 10-K. Lewis Ford is incorporated in Arkansas with a principal place of business in Fayetteville, Arkansas. *See* Exhibit B, Arkansas Secretary of State listing for Lewis Ford. Upon information and belief, Cavenaugh Ford is a limited liability company with one member who is an Arkansas citizen and resident. This Court has original subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a), and, therefore, it may be properly removed under 28 U.S.C. § 1441 (a) and (b), in that it is a civil action between citizens of different states (Mississippi, Delaware, Michigan, and Arkansas), and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.[1]

## II.  DIVERSITY OF CITIZENSHIP

"Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Pace v. Cirrus Design Corp.,* 630 F. Supp. 3d 821, 824 (S.D. Miss. 2022) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2005)). *See also* 28 U.S.C. §1332(c)(1). A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "[T]he citizenship of a[n] LLC is determined by the

---

[1] Copies of all process, pleadings, and orders filed in state court are attached as Exhibit C in compliance with 28 U.S.C. § 1446(a).

citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

As for the diversity of the parties here, Plaintiff is a Mississippi resident. Compl. at ¶ 5. Ford is a Delaware corporation with its principal place of business is in Dearborn, Michigan. *See* Exhibit A, Excerpt from FY 2022 Ford Motor Company Form 10-K. Plaintiff alleges that Lewis Ford and Cavenaugh Ford are both foreign corporations with principal places of business in Arkansas. Lewis Ford is incorporated in Arkansas with a principal place of business in Fayetteville, Arkansas. *See* Exhibit B, Arkansas Secretary of State listing for Lewis Ford. Upon information and belief, Cavenaugh Ford is a limited liability company with one member who is an Arkansas citizen and resident.

Given that Plaintiff is a citizen of Mississippi, Ford is a citizen of Delaware and Michigan, and Lewis Ford and Cavenaugh Ford are both citizens of Arkansas, the complete diversity of citizenship required to vest this Court with jurisdiction pursuant to 28 U.S.C. §1332 exists.

### III. AMOUNT IN CONTROVERSY

Though the Complaint does not specify the amount of damages sought by Plaintiff, it is facially apparent from Plaintiff's allegations and claims that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, costs, and attorney's fees, as 28 U.S.C. §1332 requires. "When the plaintiff's complaint does not allege a specific amount of damages, […] the removing defendant may establish federal diversity jurisdiction if it can prove by a preponderance of the evidence that the amount in controversy actually exceeds $75,000." *Amos v. CitiFinancial Corp.*, 243 F. Supp. 2d 587, 589 (N.D. Miss. 2003). "This burden is deemed to be met if it is 'facially apparent' from the plaintiff's complaint that the amount in controversy exceeds the jurisdictional minimum." *Id.* at 589-90 (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335

3

(5th Cir. 1995)). "The court determines whether it is facially apparent that the amount in controversy exceeds the jurisdictional minimum by simply examining the complaint and ascertaining whether the amount in controversy is likely to exceed $75,000." *Id.* "It is well settled that claims for punitive damages are included in the calculation of the amount in controversy." *Id.* (citing *St. Paul Reinsurance Co., v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

While Plaintiff does not allege the specific amount of damages he seeks in the Complaint, he alleges he has suffered "severe, permanent, and life-altering injuries" to his hands, arms, and legs. Compl. ¶¶ 1-2. In addition, he seeks punitive damages. *Id.* at ¶¶ 75, 86, 94. Based on these allegations, it is facially apparent from the Complaint that Plaintiff seeks damages in excess of $75,000 for his medical care and pain and suffering, plus punitive damages.

## IV.   CONSENT TO REMOVAL

28 U.S.C. § 1446(b) requires all defendants to join in removal to federal court. Counsel for Ford has conferred with counsel for both Lewis Ford and Cavenaugh Ford. Both parties consent to removal.

## V.   TIMELINESS

This Notice is timely filed. The removal of this cause is authorized by 28 U.S.C. § 1446(b), which states that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based . . . ." Removal is timely as Ford filed the Notice of Removal within 30 days of being served with the Summons and Complaint on December 4, 2023. Removal is also timely because the Notice of Removal was filed not more than one year after the action was commenced in State Court. *See* 28 U.S.C. § 1446(c).

**VI.     CONCLUSION**

Ford has thus established the requisite diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. Written notice of the filing of the Notice of Removal, on this date, has been given to Plaintiff through its attorney. A copy of this Notice has, on this date, been filed with the Clerk of the Circuit Court of the First Judicial District of Hinds County, Mississippi. A copy of all process, pleadings, and papers served and filed in the state court action, which are not attached as other Exhibits to this Notice of Removal, is attached to this Notice of Removal as Exhibit C.

WHEREFORE, Ford requests that this Court assume jurisdiction of this case and approve the Notice of Removal.

This, the 3rd day of January, 2024.

> Respectfully submitted,
>
> FORD MOTOR COMPANY
>
> By Its Attorneys,
>
> LEWIS BRISBOIS BISGAARD & SMITH LLP
>
> By:   */s/ Bradley W. Smith*
>       BRADLEY W. SMITH

OF COUNSEL:

Bradley W. Smith (MB No.9834)
Michael J. Stirgus (MB No. 106342)
LEWIS BRISBOIS BISGAARD & SMITH LLP
Renaissance at Colony Park
1020 Highland Colony Parkway, Suite 310
Ridgeland, Mississippi 39157
Telephone: (601) 499-8120
Telecopier: (601) 499-8121
Brad.Smith@lewisbrisbois.com
Michael.Stirgus@lewisbrisbois.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 3, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of Mississippi, by using the CM/ECF system and served by Email on the following:

MORGAN & MORGAN, PLLC
Benjamin H. Wilson
bwilson@forthepeople.com
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
*Counsel for Plaintiff*

                                        */s/ Bradley W. Smith*
                                        BRADLEY W. SMITH